WILLAMETTE FALLS CANAL, MILLING AND TRANSPORTATION
Co., Plaintiffs in Error, *v.* RANSOM CLARK, Defendant in
Error.

### *Error to Washington.*

Where there is a judgment by default, the officer's return must show service of process as required by statute, without reference to plaintiffs' complaint.

*A. E. Wait*, for plaintiffs in error.

*A. Holbrook*, for defendant in error.

DEADY, J. At the September term, A. D. 1854, of the court below, judgment by default was rendered against the company for the sum of two hundred and sixty-six dollars. The return of the officer who served the summons alleges, that " a certified copy" of the same was delivered to C. C. Baker. The return is silent as to whether or not Baker was the agent of the company. This case is sought to be distinguished from that of the same " Company *v.* Williams," decided at this term, for the reason that it appears from the complaint in this case, that C. C. Baker, as agent for the Willamette Falls Co., made the promissory note upon which the suit below was brought.

If, for the sake of the argument, it be admitted that the court may look to the allegations of the complaint, as well as the return of the officer, to ascertain if service has been had, it then only appears that Baker made the note as " agent," while the Code requires that the service shall be upon the "managing agent." Baker might have had an agency to make this particular note, and still not be the general or " managing agent" of the company. Upon the general or " managing agent " very naturally devolved the duty of defending suits brought against the company, and to such

agent the statute provides that notice of the commencement of suit shall be given.

Again, the note described in the complaint, and signed by C. C. Baker, is dated "June 15th, '54"—the date of the service is the "15th day of September, A. D. 1854. Admitting that the court would be authorized to infer from the execution of the note that Baker was the "agent" of the company upon whom service might be made, within the meaning of the Code, on the "15th of June, '54," *non constat*, that Baker was such agent upon the "15th day of September, A. D. 1854," when this summons was served.

But the court are of opinion that the question of service, or no service, must be decided by an inspection of the nature of the officer or other person serving the summons. No averment contained in the plaintiffs' pleadings can cure a defect in such return. If the law were held otherwise, this case would serve to illustrate what the result might and often would be. The officer certifies that he served the summons on C. C. Baker; but the other important fact, without which the court cannot acquire jurisdiction, to wit, that C. C. Baker was, at the time of such service, the "managing agent" of said corporation, the party himself is permitted to supply, by an averment in his complaint. If this be untrue, the company have no remedy for a false return, because the officer has not made such a return. He only returns that he served the summons on C. C. Baker. The defence to the suit below may have been that Baker was not agent, and therefore not authorized to make the note; if this defence were true in point of fact, as it might be, service upon Baker would not be notice to the company; and by collusion between Baker and the plaintiff, in the making of the note, and suit upon it, the company without remedy might have a judgment rendered against them, without notice of the suit, or even the existence of the cause of action.

*Per Curiam*—Judgment reversed.